IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-61,724-08 & 61,724-10






EX PARTE RICARDO MEDRANO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. W98-43771-L(C) & W00-29731-L(B)


IN CRIMINAL DISTRICT COURT NO. 5 FROM DALLAS COUNTY





 Per curiam.


 O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writs of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of aggravated assault
and sentenced to concurrent three year terms of imprisonment. He did not appeal his convictions.

 Applicant has discharged his sentence in each of these convictions, but alleges collateral
consequences in that these "unconstitutionally obtained" convictions are being used to enhance his sentence
in a different conviction. Applicant contends that his trial counsel rendered ineffective assistance for: (1)
failing to file motions; (2) failing to investigate the complainant's criminal history; (3) failing to raise a self-defense theory; and (4) coercing Applicant into entering a guilty plea. 

 Applicant has filed applications regarding these convictions in the past, and this Court has reviewed
those prior applications. Because the prior applications did not challenge the merits of Applicant's
convictions, the instant applications are not barred by Section 4.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial attorney
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief. Additionally, the trial court shall forward any
records regarding Applicant's guilty plea and the admonishments given prior to the acceptance of the plea.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: December 12, 2007

Do not publish